# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LIGHTNING MOTORCYCLES, INC.,**

    Plaintiff,

vs.                                              Civ. No. 00-1826 DJS/RLP

**JOHN R. PARROTT, individually, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' First Amended Opposed Motion to Allow Complaint Against John E. Harrison filed September 21, 2001. Defendants seek an order allowing the filing of a complaint against John E. Harrison. Defendants assert the following four grounds: 1) the First Amended Provisional Discovery Plan permits a complaint against Mr. Harrison; 2)Mr. Harrison is an indispensable party pursuant to Fed.R.Civ.P.19; (3)Fed. R. Civ.P. 20 allows the permissive joinder of Mr. Harrison; and (4)Mr. Harrison is third-party defendant pursuant to Fed.R.Civ.P. 14. Plaintiff asserts, *inter alia*, that the Federal Rules of Civil Procedure do not permit the joinder of Mr. Harrison in this lawsuit. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motion is not well taken and will be denied.

This is an action for breach of contract and breach of fiduciary duty against

Defendants relating to the manufacture and marketing of V-8 powered three-wheeled motorcycles. Plaintiff also asserts a claim for unfair competition against Defendants for misappropriation of Plaintiff's intellectual property and offering a product to the public which is confusingly similar to Plaintiff's product. In the Answer Defendants assert a counterclaim that Plaintiff entered into a contract for the sale of five motorcycles that Plaintiff failed to deliver.

First Amended Provisional Discovery Plan.

In the parties' First Amended Provisional Discovery Plan filed June 4, 2001, the parties agreed that Defendants should be allowed until June 22, 2001 to join additional parties. Defendants served their Motion on August 15, 2001, well after the agreed upon date for joinder. Further, the Court did not adopt or incorporate this agreement into an order. The parties' stipulation is not binding on the Court. Estate of Sanford v. IRS, 308 U.S. 39, 51 (1939)(Stipulations of law are not binding on the court.).

Fed. R. Civ. P. 19.

Pursuant to Fed.R.Civ.P. 19, when a person not joined in a pending case is "needed for just adjudication", the court will compel joinder of the absent person. The issue is whether the person is "necessary" to the litigation. 4 Moore's Federal Practice §19.02[3][a], (3rd ed. 2000). The first step in the analysis is whether, without joinder, "complete relief cannot be accorded among those already parties." This determination is made based on the "state of the pleadings" at the time the motion is brought. Associated Dry Goods Corp. v. Towers Fin. Corp., 920 F.2d 1121, 1124 (2d Cir. 1990) *rev. on other grounds*, 920 F.2d 1121 (2nd 1990) (Rule 19 considerations apply to pleadings as they

2

stand at the time of proposed joinder.).

Defendants argue that Plaintiff may be on the verge of bankruptcy and thus any award on Defendants' counterclaim would be "hollow." At this stage of the proceedings, there is no indication in the pleadings that Plaintiff is bankrupt or about to become bankrupt. Nor is there any indication that bankruptcy proceedings would involve the Plaintiff or include Mr. Harrison.

The documents attached to Defendants' Motion show that Mr. Harrison was a guarantor on certain loans for the Plaintiff and that he signed contracts on behalf of Plaintiff. The law is clearly established that co-signers or co-obligators on a contract are jointly and severally liable and thus complete relief can be granted when only one is joined as a defendant. Janney v. Shepard Niles, Inc., 11 F.3d 399, 405-406 (3rd Cir. 1993); *see also* Greenleaf v. Safety Trails, Inc., 140 F.2d 889, 890 (2nd Cir. 1944), *cert. denied*, 322 U.S. 736 (1944).

Defendant argues and cites to Moore's Federal Practice that "[a]s a general rule, all parties to a contract are necessary parties." Reply, p. 5. However, the rule cited in Moore's is that "all parties to a contract will be necessary in an action to set aside the contract." 4 Moore's Federal Practice at §19.06[4]. This is not an action to set aside a contract. Moreover, joint tortfeasors are not necessary parties. Temple v. Synthes Corp, 498 U.S. 5, 7 (1990); Scott v. Rizzo, 96 N.M. 682, 690, 634 P.2d 1234 (1981)(adopting pure comparative negligence).

Fed. R.Civ. P. 20

Defendants also assert that Fed. R.Civ. P. 20 permits them to join Mr. Harrison as

3

a Defendant.  Rule 20 permits joinder by a defendant when the defendant files its counterclaim or cross-claim.  Defendants have asserted a counterclaim but did not join Mr. Harrison.  Thus, the Defendants must seek leave of the court either to file or amend the pleading.  4 Moore's Federal Practice at 20.02[2][c].  In the proposed Complaint, Defendants assert that Mr. Harrison is a resident of the State of New Mexico.  If joined, the court would be without jurisdiction over the subject matter of this action because complete diversity would no longer exist. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 377 (1978).  Rule 20 does not permit joinder which would deprive a court of jurisdiction. Meritcare Inc. v. St. Paul Mercury Insurance Co., 166 F.3d 214 (3rd Cir. 1999). Fed. R. Civ. P. 14.

In Defendants' proposed Complaint they describe themselves as Third-party Plaintiffs and Mr. Harrison as a Third-Party Defendant.  Memorandum, Exhibit C.  Thus, it appears that Defendants are seeking to implead Mr. Harrison.

Rule 14 governs third-party practice.  It provides in part:

(a) When Defendant May Bring in Third Party.  At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

An impleader claim is proper only when the third-party defendant is liable to the party impleading it.  That is, the claim must be derivative of the original claim.  Seitter v. Schoenfeld, 678 F. Supp. 831 (D. Kan. 1988).  Claims alleging joint and several liability between the defendants and the third party or a right to indemnity or contribution are derivative claims.  The Rule does not allow joinder of independent claims or joint

4

tortfeasors. In the instant case, Defendants have made no assertions that Mr. Harrison is liable for all or part of Plaintiff's claim against them. Rather, the claims in the proposed complaint contend that Mr. Harrison deprived or defrauded them of their property.[1]

Defendants argue that Mr. Harrison must be joined pursuant to Rule 14 on the grounds that Plaintiff has alleged there was a joint venture agreement. Again, Rule 14 is predicated on the condition that there is joint liability between the original defendants and the third party. The claim of a joint venture between the Plaintiff and the third party is not derivative of the original claim.

Moreover, New Mexico has adopted comparative fault. Rizzo, 96 N.M. at 690; Barth v. Coleman, 118 N.M. 1, 878 P.2d 319 (1994)(applying comparative fault principles when an intentional tort is involved). In comparative fault cases, no entity can be liable to the defendant for all or part of plaintiff's claims against it. Hefley v. Textron, Inc. 713 F.2d 1487, 1498 (10th Cir. 1983). Defendants will be liable for only their share of the fault. Thus, impleader is thus not permitted on this basis.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' First Amended Opposed Motion to Allow Complaint Against John E. Harrison is denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] It appears that joinder is appropriate pursuant to Fed.R.Civ.P. 13(a) as the claims arise from the same "transaction or occurrence" as the underlying claim. However, joinder pursuant to Rule 13 is waived because the claims were not asserted in the Defendants' first responsive pleading. Fed.R.Civ.P. 13.

5