IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

02 JUL 10 PM 4:26

LIGHTNING MOTORCYCLES, Inc.

    Plaintiff,

vs.      No. CIV 00 1826 DJS/RLP

JOHN R. PARROTT, individually, and
VICKIE R. PARKER,
also known as VICKIE R. PARROTT, individually,
and STRYKER ENTERPRISES, individually,

    Defendants.

### PLAINTIFF'S PROPOSED
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Plaintiff, Lightning Motorcycles, Inc., and tenders its proposed findings of fact and conclusions of law as follows:

### Findings of Fact

1. The parties to this action are Lightning Motorcycles, Inc. ("Lightning"), John R. Parrott ("Parrott"), Vickie R. Parker, also known as Vickie R. Parrott ("Vickie Parker"), and Stryker Enterprises ("Stryker").

2. The parties entered into a "Business Agreement" on or about December 11, 1996.

3. John R. Parrott drafted the Business Agreement as agent for himself, Parker and Stryker.

4. As of December 11, 1996, Stryker was an unincorporated entity.

5. As of December 11, 1996, Stryker was a dba, or instrumentality, of Parrott and Parker.



6. Pursuant to the terms of the Business Agreement, Lightning was to provide the joint venture with design and manufacturing services for V-8 engine powered, three-wheeled motorcycles.

7. Pursuant to the terms of the Business Agreement, Parrott, Parker and Stryker were to provide the joint venture with marketing and sales services for V-8 engine powered, three-wheeled motorcycles.

8. As of December 11, 1996, and thereafter, neither Parrott, Parker, nor Stryker, had education, training or experience in marketing and sales sufficient to competently market and sell V-8 engine powered, three-wheeled motorcycles, in the volume of 12 rolling chasses or turnkey trykes in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

9. Parrott, Parker and Stryker had no reasonable basis for representing to Lightning that they would provide marketing and sales services to the joint venture adequate to produce sales in the volume of 12 rolling chasses or turnkey trykes in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

10. Lightning reasonably relied on Parrott, Parker, and Stryker's misrepresentation (failure to disclose) of their possession of education, training or experience in marketing and sales sufficient to market and sell V-8 engine powered, three-wheeled motorcycles, in the volume of 12 rolling chasses or turnkey trykes in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

11. The terms of the Business Agreement impose fiduciary duties on the parties to the agreement, one to the other.

12. The terms of the Business Agreement obligate Parrott, Parker and Stryker to purchase all of their requirements of V-8 engine powered, three-wheeled motorcycles exclusively from Lightning.

13. Parrott, Parker and Stryker failed to purchase 12 rolling chasses or turnkey trykes from Lightning in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

14. Parrott, Parker and Stryker failed to discharge their best effort to market and sell 12 rolling chasses or turnkey trykes in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

15. Parrott, Parker and Stryker offered Lightning's output of V-8 engine powered, three-wheeled motorcycles for sale to the public without accurately identifying the source of those V-8 engine powered, three-wheeled motorcycles in their advertising and offers for sale.

16. Parrott, Parker and Stryker offered a modified version of Lightning's output of V-8 engine powered, three-wheeled motorcycle for sale to the public without disclosing those modifications or the fact that those modifications were not authorized by Lighting.

17. Lightning incurred debt in the process of tooling up for production of V-8 engine powered, three-wheeled motorcycles to be marketed and sold for the benefit of the joint venture and Lightning.

18. A reasonable period of time for the requirements contract between Lightning, Parrott, Parker and Stryker to be in effect is five (5) years.

19. If the requirements contract had been in effect for a period of five (5) years, Lightning would have realized gross profits, reduced by costs, resulting in a net profit.

20. Lightning's claims herein are for the benefit of the joint venture and Lightning.

Conclusions of Law

21. The parties entered into a binding contract in the form of the Business Agreement on or about December 11, 1996.

22. The terms of the Business Agreement are to be construed against the party who drafted it, John R. Parrott, and the parties who Parrott represented as their authorized agent, Parker and Stryker.

23. As of December 11, 1996, Stryker had no existence separate and apart from Parrott or Parker, making Parrott and Parker jointly and severally liable with Stryker for any breach or default under the terms of the Business Agreement by Stryker.

24. Parrott, Parker and Stryker negligently misrepresented their ability to discharge their duty of performance under the terms of the Business Agreement by failing to disclose that they had no education, training or experience necessary for them to properly market and sell V-8 engine powered, three-wheeled motorcycles, in the volume of 12 rolling chasses or turnkey trykes in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

25. The Business Agreement creates a joint venture between Lighting, on the one hand, and Parrott, Parker and Stryker, on the other.

26. As joint venturers with Lightning, Parrott, Parker and Stryker have a right to share in the profits of the venture and a duty to share in the expenses.

27. The Business Agreement is a requirements contract, obligating Parrott, Parker and Stryker to purchase their requirements for V-8 engine powered, three-wheeled motorcycles exclusively from Lightning.

28. Parrott, Parker and Stryker recklessly misrepresented their ability to discharge their duty of performance under the terms of the Business Agreement by failing to disclose that they had no education, training or experience necessary for them to properly market and sell V-8 engine powered, three-wheeled motorcycles, in the volume of 12 rolling chasses or turnkey trykes in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

29. Parrott, Parker and Stryker breached their fiduciary duty to Lightning and the joint venture by failing to disclose their lack of education, training or experience necessary for them to properly market and sell V-8 engine powered, three-wheeled motorcycles, in the volume of 12 rolling chasses or turnkey trykes in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

30. Parrott, Parker and Stryker breached the terms of the requirements contract by failing and refusing to purchase 12 rolling chasses or turnkey trykes from Lightning in calendar year 1997, and 24 rolling chasses or turnkey trykes in subsequent years.

31. Parrott, Parker and Stryker competed unfairly with Lightning and the joint venture by failing to accurately identify the source of the V-8 engine powered, three-wheeled motorcycles depicted in their advertising and offers for sale.

32. Parrott, Parker and Stryker competed unfairly with Lightning and the joint venture by offering a modified V-8 engine powered, three-wheeled motorcycle for sale to the public without disclosing the fact of the modification, without disclosing that those modifications were not authorized by Lightning, and without disclosing that Parrott, Parker and Stryker made the modifications, causing confusion in the marketplace for V-8 engine powered, three-wheeled

motorcycles, and damaging Lightning's reputation for superior design and quality of manufacture in the market of V-8 engine powered, three-wheeled motorcycles.

33. Lightning is granted an award of damages against Parrot, Parker and Stryker for out-of-pocket expenditures incurred in tooling up for production of V-8 engine powered, three-wheeled motorcycles to be sold for the benefit of the joint venture and Lightning.

34. Lightning is granted an award of damages against Parrott, Parker and Stryker as compensation for Lightning's lost profits.

35. Lightning is granted an award of attorney's fees and costs against Parrot, Parker and Stryker.

36. Parrot, Parker and Stryker are permanently enjoined from competing with Lightning in the market for V-8 engine powered, three-wheeled motorcycles.

Respectfully submitted:

*Christal K. Grisham*
Christal K. Grisham
P.O. Box 21581
Albuquerque NM 87154-1581
(505) 266-0807

## Certificate of Service

I certify that on July 10, 2002, I served all parties entitled to notice with a true and correct copy of the foregoing proposed Findings of Fact and Conclusions of Law.

Dated:       July 10, 2002                              *[signature]*
                                                        Christal K. Grisham

Parties entitled to notice:

Juan L. Flores
Sheehan, Sheehan & Stelzner
P.O. Box 271
Albuquerque NM 87103
(505) 247-0411

7