IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LIGHTNING MOTORCYCLES, INC.,,**

    Plaintiff,

vs.                                      Civ. No. 00-1826 DJS/RLP

**JOHN R. PARROTT, individually, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Opposed Motion for the Sanction of Dismissal for Discovery Abuses (Docket No. 84) and Motion and Memorandum to Dismiss for Failure to Prosecute in the Name of the Real Party in Interest (Docket No. 86), filed July 3, 2002. Defendants are seeking a dismissal of Plaintiff's claim on the grounds that Plaintiff did not provide discovery as ordered by the Court and that Plaintiff failed to prosecute its claim in the name of the real party in interest. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motions are well taken and will be granted.

**FACTS**

Plaintiff filed a Complaint for Damages and Injunctive Relief on December 29, 2000. Plaintiff filed a First Amended Complaint on December 17, 2001. This case involves

1

allegations by the Plaintiff of breach of contract and breach of fiduciary duty relating to the manufacture, marketing and sale of V-8 engine powered three-wheeled motorcycles. As damages for the alleged breach, Plaintiff alleges that it is entitled to lost profits and the costs and expenses in tooling up for production.

On November 6, 2001, Defendant John R. Parrott, submitted to Plaintiff his First Set of Interrogatories and First Requests for Production seeking, *inter alia*, documents and other information relating to Plaintiff's claim of lost profits and other damages. Plaintiff objected on the grounds that the information was proprietary information. On December 31, 2001, Defendant Parrot filed a Motion to Compel responses to seven interrogatories and thirteen requests for production. These requests pertain to the startup costs, costs of producing the trykes, the sale of such trykes, purported sale leads, and general requests for documents relating to the damages claimed by the Plaintiff. Defendant's Motion to Compel was granted on February 26, 2002. Plaintiff filed an objection to the Order, and on April 1, 2002 that objection was overruled.

On April 4, 2002, Defendants served on John E. Harrison a Subpoena Duces Tecum scheduling his deposition on April 19, 2002. Mr. Harrison was the president of Lighting Motorcycle and signed the verification on Plaintiff's discovery responses. The subpoena asked that Mr. Harrison bring to his deposition documents in response to Defendants' Request for Production served on November 6, 2002 as well as documents that would substantiate Plaintiff's claims and alleged damages. Mr. Harrison objected to the subpoena and filed a Motion to Quash and a Motion for Protective Order on April 5, 2002.

On May 29, 2002 the Court denied Plaintiff's Motion to Quash and Motion for Protective Order. Plaintiff and Mr. Harrison filed substantially identical objections. The Court overruled both objections.

The deposition of Mr. Harrison was taken on June 19, 2002 in the chambers of the Honorable Richard Puglisi, United States Magistrate Judge. Mr. Harrison did not produce any of the documents as ordered by the Court. During his deposition Mr. Harrison testified that the Plaintiff had transferred all of its assets and liabilities to Lighting Enterprises V-8s, Inc. in November, 2000. Specifically Mr. Harrison testified that Margie Stuchly had made over $100,000 in loans to the Plaintiff and that after Plaintiff defaulted on the loans, Ms. Stuchly took the company to satisfy the outstanding debt. After taking the company, Ms. Stuchly formed Lighting Enterprises V-8s Inc., which now holds all assets and liabilities previously held by Lighting Motorcycle. Mr. Harrison further testified that Plaintiff did not reserve any right or any asset of the company at the time Stuchly/Lighting Enterprises took over the company. Lighting Motorcycle gave Stuchly/Lighting Enterprises "everything...[e]very nut and bolt, every piece of paper...the whole enchilada." Deposition, Harrison, June 19, 2002, pp. 50-51.

## **DISCOVERY ABUSE**

**Legal Standard**

The Tenth Circuit has provided five factors a judge should consider in exercising discretion to enter a dismissal as a sanction for discovery abuse. These factors are: (1) degree of actual prejudice caused by the misconduct; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether prior warning was given;

and (5) the efficacy of lesser sanctions. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). "These factors do not constitute a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." Id. Analysis of these factors supports the Court's imposition of the sanction of dismissal.

**Discussion**

With respect to the first factor, actual prejudice, Defendants have attempted to discover the information and documents necessary to its defense for almost nine months. As outlined above, it is clear that the Plaintiff has engaged in deliberate conduct to prevent the Defendants from defending this case. To date, Plaintiff has yet to comply with five court orders mandating the production of documents and answers to interrogatories. Plaintiff claims total lost profits in the amount of $315,360; thus, the discovery at issue is critical to the defense of this case. Without the discovery at issue, Defendant cannot defend against Plaintiff's alleged damages.

Moreover, Plaintiff intentionally misled Defendants regarding the true owners of the sought after documents and information. After Defendant filed numerous requests and motions, Plaintiff, on the eve of trial, informed the Defendants it did not have the material sought. Deposition, Harrison, pp. 50-51.

The second factor concerns the amount of interference with the judicial process. Plaintiff willfully refused to obey the Court's discovery orders. As Judge Sparr noted in the Ehrenhaus case, "[i]f this [party] could ignore court orders here without suffering the consequences, the Court cannot administer orderly justice, and the result would be chaos." Ehrenhaus, 965 F.2d at 921. Further, "[w]ithout adequate sanctions the procedure for

4

discovery would be ineffectual." 8 Charles A. Wright et al., Federal Practice and Procedure 2281 at 355 (Supp. 1993). When the refusal to obey court orders prevents the Defendant from defending against Plaintiff's allegations, severe sanctions are appropriate. Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991)(citations Omitted).

Plaintiff repeatedly filed motions to re-litigate what had already been decided by the Court. As preciously stated by the Court in a prior order, Plaintiff's motions and objections were "frivolous."

The third factor, Plaintiff's culpability, is also satisfied. In Plaintiff's responses to Defendant's discovery requests, Plaintiff objected on the grounds of that the documents and information sought "would require disclosure of Plaintiff's proprietary information...". At this time, Plaintiff did not have the documents. Rather, they have been given to Stuchly/Lighting Enterprises. Plaintiff intentionally and willfully misrepresented the true owner of the documents. Such lack of candor is sanctionable behavior.

The fourth factor involves whether previous warnings were given. In the Order entered June 13, 2002 upholding the Magistrate Judge's ruling compelling the deposition of Harrison the Court wrote that "any further delay or failure to participate in discovery in 'good faith' will result in the imposition of sanctions." In the Court's Order of July 16, 2002, the Court again ordered the production of the documents at issue and warned that '[f]ailure to produce the documents will result in the dismissal of Plaintiff's First Amended Complaint and all the claims therein."

The fifth and final factor concerning the efficacy of lesser sanctions. Given Plaintiff's

repeated failures to comply with court orders and Plaintiff's omissions and untruths, any lesser sanction would be ineffective.

**REAL PARTY IN INTEREST**

**Legal Standard**

Though Defendants entitled their motion as a Motion to Dismiss, Defendants rely on deposition testimony. Thus, it is appropriate to consider Defendants' Motion as a motion for summary judgment. Fed.R.Civ.P. 12(c). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P 56(c). When applying this standard, the factual record and reasonable inferences therefrom are examined in the light most favorable to the party opposing summary judgment. Applied Genetics Intl., Inc. v. First Affiliated Secur., Inc., 912 F.2d 1238, 1241, (10th Cir. 1990). Conclusory and self-serving statements are ineffective for summary judgment purposes. "Under Fed.R.Civ.P. 56(e), only statements 'made on personal knowledge' will support a motion for summary judgment; statements of mere belief must be disregarded." Tavery v. United States, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994). Conclusory and self-serving statements are similarly disregarded. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995).

**Discussion**

Every action must be prosecuted in the name of the real party in interest. Fed.R.Civ.P. 17. "The corporation is the real party in interest on all contracts running to it as the sole promisee, so long as the right of action has not been assigned to another." Fletcher Cyclopedia Corporation, Vol. 9A§4476 (Rev.2000).

The testimony of Mr. Harrison demonstrates that the Plaintiff is not the real party in interest. All rights of action previously possessed by the Plaintiff were included in the transfer to Stuchly/Lightning Enterprises. <u>Dunham v. Robertson</u>, 198 F.2d 316, 319 (10th Cir. 1952)("[I]f an assignment is full and complete and all the rights have been transferred, the assignee is the real party in interest."); <u>Barnett v. Wedgewood</u>, 28 N.M. 312, 314, 211 P.2d 601, 603(1922)("'[i]t is well settled that an assignment which divests the assignor of both the legal and equitable titles deprives him of the right to sue.").

In addition, the failure to prosecute in the name of the real party in interest in this case was not an "honest mistake." Fed.R.Civ.P. 17, Advisory Committee Notes, 1966 Amendment. When determination of the real party is "difficult" or when an "understandable mistake" has been made, substitution of the real party in interest is proper. <u>Id</u>. In this matter, suit was filed by the Plaintiff after the Plaintiff transferred all rights to another.

In response to Defendants' Motion to Dismiss, Plaintiff filed an affidavit by Ms. Stuchly. In her affidavit she asserts that she granted to the Plaintiff "a limited assignment of any claims it may have against Defendants based on their breach of the Business Agreement." Affidavit, July 12, 2002, ¶3. No documents evidencing this assignment were attached. The only evidence of an assignment is Ms. Stuchly's affidavit. Clearly, this is a conclusory self-serving affidavit insufficient to defeat the granting of summary judgment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Opposed Motion for the Sanction of Dismissal for Discovery Abuses and Defendants' Motion and Memorandum to Dismiss for Failure to Prosecute in the Name of the Real Party

in Interest are granted and Plaintiff's First Amended Complaint and all the causes of action therein are dismissed with prejudice.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**