## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LIGHTNING MOTORCYCLES, INC.**,

    Plaintiff,

    v.                                                            **CIV NO. 00-1826 DJS/RLP**

**JOHN R. PARROTT, Individually,** *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before this Court on Defendants' Motion for Summary Judgment on Counterclaim filed November 15, 2002 (Docket No. 120). Briefing was completed on that motion as of February 5, 2003, with the filing of the Notice of Completion of Briefing (Docket No. 124). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

    **FACTUAL BACKGROUND**

    The instant action is a civil action in federal court on the basis of diversity jurisdiction. Plaintiff filed a complaint for damages and injunctive relief on December 29, 2000 and a First Amended Complain on December 17, 2001. The dispute giving rise to this litigation has its genesis in agreements for the manufacture, marketing, and sale of three-wheeled motorcycles. Defendants asserted a counterclaim. In their Answer to Plaintiff's First Amended Complaint, Defendants asserted

that the parties had entered into a separate agreement for the purchase and sale of five three-wheeled V-8 powered motorcycles ("trykes") on or about June 20, 1999. Defendants further claim that they paid $76,500.00 for the trykes, but that Plaintiff failed to deliver the vehicles. Defendants' payment for the trykes consisted of forgiveness of a debt of $22,000.00 and payment of $54,500.00 by check and wire transfer.

## STANDARD OF LAW

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); Matsushita Elec., 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir.1996).

## OPINION

Plaintiff does not dispute that an agreement was reached for the payment to it of $76,500.00 for the delivery of five trykes. However, Plaintiff asserts that Defendants are not entitled to a judgment as a matter of law because it was owed at least $315,360.00 for Defendants' breach of the

2

parties initial business agreement, as asserted in its First Amended Complaint. Plaintiff contends that it is entitled to a set-off of the latter amount, voiding any damages as a result of the counterclaim.

The problem with Plaintiff's argument is that on August 12, 2003, this Court entered a Memorandum Opinion and Order (Docket No. 113) dismissing Plaintiff's claims with prejudice for abuse of discovery and for failure to prosecute in the name of the real party in interest. A separate judgment reflecting the dismissal of Plaintiffs claims with prejudice was entered that same day (Docket No. 114). Plaintiff made no response and sought no relief from the dismissal and, on September 17, 2002, over thirty days after Plaintiff's claims were dismissed, Defendants sought an extension of time to file the instant motion for summary judgment. Plaintiff asserts that the dismissal of its claims creates no prohibition to its affirmative defense of setoff, relying upon NMSA 1978 §37-1-15, the statute setting forth the basis of that affirmative defense, which does not expressly prohibit a set-off by reason of a dismissal of a claim.

Plaintiff further argues that the doctrine of *res judicata* does not bar the affirmative defense because *res judicata* only applies to a subsequent action. Reference to Black's Law Dictionary (5th Ed., 1979) finds the definition of the doctrine of *res judicata* to include "Rule that a final judgment rendered by a court of competent jurisdiction on the merits in conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action." While Plaintiff's argument focuses on language in cases describing the doctrine as a bar to "subsequent actions", this Court concludes that the critical portion of the doctrine is found in the language and the common-sense proposition that a final judgment is conclusive *as to the rights of the parties*. Here, Plaintiff has no right to the sum of $315,360.00. This Court decided that Plaintiff had no right to the claimed damages as a matter of law by holding that

3

the claim was not brought on behalf of the real party in interest. Perhaps more importantly, this Court held that Plaintiff forfeited any right to damages under its claims due to its abuse of the discovery process.

Plaintiff is not entitled to any relief claimed in its First Amended Complaint. Allowing it to set-off any damages to Defendant by the sum it asserts it is owed under those claims would reward Plaintiff for its discovery abuse and, in significant part, render this Court's prior rulings hollow. Plaintiff cannot set-off amounts it asserts it is owed under the 1996 Business Agreement because it has no legal right to any funds under that agreement. Where Plaintiff has no right to any funds or damages, it has nothing to set-off against the amount owed to Defendants.

Plaintiff's defense to the Counterclaim rests entirely upon its assertion that it is owed at least $315,360.00. Because Plaintiff has no right or claim to such funds, it has failed to dispute any material facts in Defendants' motion for summary judgment. Accordingly, summary judgment for Defendants is appropriate.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment on Defendants' Counterclaim is granted. Judgment in the amount of $76,500.00 is awarded and shall be paid to Defendants by Plaintiff.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**